HERRITT v. CLARK.

In re RAKER.

(Circuit Court of Appeals, Third Circuit. January 21, 1918.)

No. 2292.

1. BANKRUPTCY &rlarr;188(1)—TRUSTEE—RIGHTS OF.
    One holding a bill of sale to property in possession of a bankrupt at the time of the filing of the petition has no lien superior to the rights of the trustee in bankruptcy, for such trustee has the rights of an execution creditor of the bankrupt.

2. BANKRUPTCY &rlarr;188(1)—MORTGAGEES—RIGHTS OF.
    The bankrupt, on purchasing in fee several parcels of timber land and the right of removal of timber on other lands, executed a purchase-money mortgage on such property. A timber railroad was located on the property. Thereafter, the bankrupt, having removed the timber and reduced the mortgage by payments, removed the timber railroad with the consent of the mortgagee. Assuming that, while the mortgagee had a lien on the road while it was on the mortgaged premises, yet, having consented to the removal of the equipment, he had no lien thereon superior to the rights of an execution creditor, and hence the trustee of the bankrupt, who had the rights of such a creditor, was entitled to the property as against the mortgagee.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

In the matter of the bankruptcy of C. D. Raker. The claims of liens on railroad equipment made by L. D. Herritt and the First National Bank of Renovo, Pa., were opposed by E. E. Clark, trustee. From a decree sustaining the order of the referee, awarding the fund represented by such property to the trustee, L. D. Herritt appeals. Affirmed.

&rlarr;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Mortimer C. Rhone and Charles L. Peaslee, both of Williamsport, Pa., for appellant.

Harry S. Knight, of Sunbury, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. This case grows out of the bankruptcy of C. D. Raker. On his adjudication August 12, 1915, the trustee found the bankrupt possessed a small locomotive, a number of timber cars, and some railroad equipment, consisting of rails, frogs, switches, and the like. These articles were lying at or near a railroad station, where they had been brought by Raker, the bankrupt, for shipment. These articles were claimed by the First National Bank of Renovo, Pa., under a bill of sale from Raker dated December 17, 1914. A lien upon them was claimed by L. D. Herritt, by virtue of a mortgage given to him by Raker, dated November 27, 1911, and recorded in Clinton county on December 7, 1911. The property was subsequently sold by the trustee, with the understanding that the claims of the several parties should be transferred to the fund and the rights of all parties adjudged by the court in said bankruptcy. In pursuance thereof, the referee, after proofs and hearing, awarded the fund to the trustee. On entry of a decree by the court, approving the referee's action, the bank abandoned its claim; but Herritt, the mortgagee, took this appeal.

[1] After argument and due consideration, we find no error in the findings and conclusion reached by both referee and court. Without discussing the many questions raised and the numerous authorities cited, all of which have received due consideration, the case resolves itself into simple lines. That the title to these several articles and the possession of them were in Raker when the bankruptcy was begun there is no question. And as the right which then passed to the trustee was that which an execution creditor of Raker would have had, it is clear that the bank's bill of sale, with Raker, the vendor, still remaining in possession, could not avail against such execution creditor, and therefore against the trustee. A like execution creditor's status also inured in favor of the trustee against Herritt, unless he can show a lien superior thereto. This Herritt seeks to do by his said mortgage.

[2] The proof tended to show that on November 27, 1911, Herritt sold and conveyed by deed to Raker (1) a timber tract of 300 acres of timber land in fee; (2) another timber tract of 50 acres in fee; and (3) stumpage or the right to remove the timber on 8 acres—all of which were in Clinton county, Pa. On the same day Raker executed a purchase-money mortgage covering said three items, for $17,000, which mortgage was duly recorded as above recited. The property thus conveyed to Raker was a timber operation, which he carried on from 1911 until a considerable time before his bankruptcy, in which time he had taken off all the timber and reduced the mortgage indebtedness to about $4,300. We will assume, for present purposes, that during this period Herritt had a lien against the timber railroad and its appur-

tenances as trade fixtures annexed to the realty and necessary to the removal of the timber therefrom. But this assumption is not decisive of this case, for the question here involved is not whether Herritt had a lien while the property in question was on the mortgaged premises and the lumbering operation was going on, but whether he had a lien when the timber was exhausted and when the trade fixtures were thereafter, with his knowledge and acquiescence, removed from the premises and thereafter treated by Raker as free to be disposed of by him. A statement of these facts, and such in substance is the proof and the finding of the referee, which the court approved, shows that Herritt could not hold the articles, had they been levied on by a creditor of Raker. They were in Raker's possession; Herritt had no apparent connection with them; the execution creditor was without actual notice of Herritt's alleged lien; and when they were removed in the presence of Herritt and with his knowledge and consent from the mortgaged premises, it did not lie in Herritt's power to insist that any notice given by the record of the mortgage followed the detached and removed property, whenever Raker took it.

The strong trend of Pennsylvania decisions is against secret liens, and, without citing such decisions, we may say they would sustain the right of an execution creditor against such a secret lien as is here set up. Such being the right of an execution creditor, a trustee in bankruptcy stands on the same footing.

The decree below should therefore be affirmed.